**Lutfur Mohammed RAHMAN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–5424–ag.

United States Court of Appeals, Second Circuit.

July 26, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas; Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Lutfur Mohammed Rahman, through counsel, petitions for review of the September 2005 BIA order denying his motion to reopen the BIA's June 2005 decision. The BIA had previously denied his motion to remand in order to apply for asylum, and dismissed his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

Here, the BIA did not abuse its discretion in denying Rahman's motion to reopen. The BIA appropriately found Rahman's argument that the letter from his lawyer mistakenly indicated that he had left Bangladesh out of fear, unpersuasive, because Rahman had chosen to submit the evidence and the lawyer himself did not indicate that he had made such a mistake. The BIA also properly determined that, even if the lawyer's letter was not in the record, its prior decision would have stood on the fact that Rahman's political problems were ongoing, given that the evidence submitted by Rahman indicated that he had been detained and tortured by the Bangladeshi police in 1996 and threatened with death by BNP cadres in 2001. Further, the BIA considered the additional evidence submitted by Rahman and properly found that it did not explain why his claim was not filed in a timely manner, because it merely echoed the evidence the

BIA had already considered in the motion to remand.

Additionally, the BIA did not abuse its discretion in denying the motion even construing it as a motion to reconsider, because Rahman did not establish any error of fact or law in its prior decision. Thus, the BIA properly denied Rahman's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).